UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAURICE DAVIS,<br><br>　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES PARALYMPICS-USOC,<br>UNITED STATES OLYMPIC COMMITTEE,<br>INTERNATIONAL PARALYMPIC<br>COMMITTEE<br>　　　　　Defendants. | Case No. 5:12-CV-04436-EJD<br><br>**ORDER DENYING *EX PARTE*<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER AND<br>DISMISSING WITH PREJUDICE** |

### I.  Background

On August 23, 2012, Plaintiff Maurice Davis ("Plaintiff") filed a complaint against the United States Paralympics-USOC, the United States Olympic Committee ("USOC"), and the International Paralympic Committee (collectively "Defendants") seeking an *ex parte* temporary restraining order ("TRO") compelling Defendants to " let Plaintiff compete in the 50 meter freestyle swim event at the S6 level at the Paralympics which will take place in London, England from August 20, 2012 to and including September 9, 2012." Dkt. No. 1-1 (Prop. Order).  Plaintiff alleges that he has suffered discrimination on the basis of race and that he will be irreparably harmed unless the court grants this motion for a TRO.

The Complaint alleges that on May 17, 2012 Plaintiff, a black male, went to the University of Cincinnati for his scheduled "classification session," to try out for the Paralympic swim

competition. Compl., ECF No. 1 ¶¶ 5-6. Plaintiff was tested by two white males, and told at the end of his test that he was not eligible to compete. Compl. ¶¶ 6-7. Plaintiff appealed the decision, and was retested on May 18, 2012 by a white female examiner and a white male examiner. Compl. ¶ 8. The female examiner initially told Plaintiff he had passed; however, after some delay, the two examiners returned to inform Plaintiff he had not in fact passed. Compl. ¶¶ 9-11. Plaintiff believes he was discriminated against on account of his race. Compl. at 4:3-9.

Since returning from Cincinnati, Plaintiff has sought a TRO relating to the Paralympic swim competition three times before Judge Koh. See 12-CV-02999 at Dkt. No. 1, 5, and 10. This action is thus Plaintiff's fourth attempt in this district to obtain a TRO related to the Paralympics swim competition. The first TRO, filed on June 11, 2012, named only the USOC as Defendant, and requested the court direct the USOC to allow Plaintiff to compete in the Paralympic swim trials scheduled for June 14-16, 2012, at Bismarck State College. The court denied this TRO for failure to comply with the procedural requirements governing the filing of an *ex parte* TRO and for failure to show a likelihood of success on the merits. See 12-CV-02999 at Dkt. No. 4. The second TRO, filed on July 3, 2012 as part of an amendment to the complaint, named the same Defendant and requested the same relief as the first request for a TRO. This second TRO was denied for a failure to show a likelihood of success on the merits as well as failure to show a likelihood of irreparable injury. See 12-CV-02999 at Dkt. No. 9. The third TRO, filed with a "First Amended Complaint," added the United States Paralympics-USOC and the International Paralympic Committee as Defendants, and requested, as in the instant action, that the court direct Defendants "to allow Plaintiff the opportunity to compete in the 50 meter freestyle swim competition at the 26 level (classification level) at the Paralympics which will take place in London, England from August 29m 2012 to and including 9 September 2012." See 12-CV-02999 at Dkt. No. 10. This third TRO was likewise denied for failure to show a likelihood of success on the merits. See 12-CV-02999 at Dkt. No. 4. In addition, the court denied Plaintiff's motion to proceed in forma pauperis, finding that in light of Plaintiff's failure to allege additional facts or submit any evidence to any of his requests for TROs, Plaintiff's claims were without basis and thus frivolous under 28 U.S.C.

1915(e)(2)(B). See 12-CV-02999 at Dkt. No. 12, p. 6. The court dismissed Plaintiff's First Amended Complaint without leave to amend. *See* 12-CV-02999 at Dkt Entry 12, p. 6-7.

## II.  Claim Preclusion

Claim preclusion, also known as res judicata, prevents issues decided by one court from being relitigated in another case. This principle applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (2012) (internal quotations omitted).

Claim preclusion clearly applies in this action. First, the claims in this action are identical to those in the previous three actions. Each of Plaintiff's TRO requests has been based on Plaintiff's experience at the Paralympic swim classification session that took place on May 17-18, 2012 in Cincinnati, Ohio. While Plaintiff has not specifically alleged any cause of action, a liberal reading of his complaint suggests that he intends to state claims under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983. See Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (instructing courts to liberally construe the pleadings of *pro se* litigants). These claims mirror those found in Plaintiff's three previous requests for TROs.

Next, a final judgment has already issued on these claims. The court denied Plaintiff's third request for a TRO, and dismissed his complaint without leave to amend. See 12-CV-02999 at Dkt. No. 12. Such a dismissal constitutes a final judgment. See Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) (holding that dismissal based on a plaintiff's failure to plead a cognizable claim is a "judgment on the merits" for res judicata purposes) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)).

Finally, the parties are identical. In the instant action, Plaintiff has named the USOC, the United States Paralympics-USOC and the International Paralympic Committee as Defendants. Previously, Plaintiff named the USOC as Defendant in each of his actions, and named the United States Paralympics-USOC and the International Paralympic Committee in his third request for TRO and First Amended Complaint.

Case No. 5:12-CV-04436-EJD
ORDER DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRATINING ORDER AND DISMISSING WITH PREJUDICE

Plaintiff requests that this court entertain his complaint alleging the same cause of action against the same parties as previously considered and rejected by Judge Koh.  The instant action represents the exact situation claim preclusion seeks to prevent. This court will therefore not consider the merits of this complaint and request for TRO, because the action is unambiguously barred.

### III.     Conclusion

For the foregoing reasons, Plaintiff's *ex parte* request for a TRO is DENIED.  Plaintiff's complaint is barred by claim preclusion and therefore is DISMISSED with prejudice.

In addition, the court finds this action frivolous and duplicative under 28 U.S.C. § 1915(e)(2)(B)(i); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  The request to proceed in forma pauperis is DENIED for this reason.

The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 24, 2012



EDWARD J. DAVILA
United States District Judge

Case No. 5:12-CV-04436-EJD
ORDER DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRATINING ORDER AND DISMISSING WITH PREJUDICE